UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JENNIFER PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-417-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of cross-motions for summary judgment[1] filed by Plaintiff Jennifer Parker and Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("the Commissioner.") [Record Nos. 17, 19] Parker argues that the Administrative Law Judge ("ALJ") erred in concluding that she was not disabled within the meaning of the Social Security Act ("Act"). Specifically, she asserts that the ALJ failed to properly consider the opinion evidence in determining her residual functional capacity ("RFC") and that she made other errors of law. Parker requests an award of benefits in her favor or, alternatively, that this matter be remanded for further administrative proceedings. The Commissioner contends the ALJ properly evaluated the evidence of record and that the ALJ's decision should be affirmed. She further contends that the ALJ's decision is supported by substantial evidence.

---

[1] The plaintiff has filed a "Memorandum in Support" of her Complaint, which is construed as a Motion for Summary Judgment.

- 1 -

For the reasons that follow, the Commissioner's motion will be granted and the administrative decision denying benefits will be affirmed.

## I. Procedural History

On August 5, 2013, Parker filed a Title II application for a period of disability and disability insurance benefits, ("DIB"), alleging an onset of disability of September 19, 2008. [Administrative Transcript, hereafter, "Tr.," 147] After being denied initially and on reconsideration, Parker requested an administrative hearing. [Tr. 92, 97, 104] On June 11, 2015, she appeared before ALJ Bonnie Kittinger in Lexington, Kentucky. [Tr. 13-47] ALJ Kittinger denied benefits in a written decision dated July 28, 2015, which the Appeals Council affirmed. [Tr. 77-86, 1-7] Accordingly, the claimant has exhausted her administrative remedies and this matter is ripe for review under 42 U.S.C. § 405(g).

## II. Background

Parker was 50-years-old at the time of the ALJ's decision. [Tr. 18] She worked for 28 years as a secretary/receptionist, but was laid off in September 2008 when her office closed. [Tr. 22] Although Parker had health problems, she drew unemployment benefits for nearly two years after being laid off and was required to seek work during that time. [Tr. 22-24] At the time of her application, Parker believed she could no longer work due to her diabetes, diverticulitis, dizziness, and an inability to walk for prolonged periods. [Tr. 25, 33, 36] Parker reported that she could lift no more than ten pounds without hurting herself. [Tr. 27] She estimated that she was able to stand or walk for approximately fifteen minutes before needing to sit down. [Tr. 27]

Parker was married and had a driver's license, but did not drive frequently. [Tr. 19-20, 395] During her administrative hearing, she described the previous day as follows: she wore

her CPAP machine until 11:00 a.m., ate a sandwich for lunch, and did laundry until her husband got home at around 5:00 p.m. [Tr. 28-30] Parker and her husband then went to visit her mother in a rehabilitation center before attending church that evening. Parker reported that she watched a lot of television and that her husband did most of the household chores. [Tr. 31] Parker also reported that she did "some crocheting" and went shopping every two or three weeks. [Tr. 30-31]

The record contains a collection of treatment notes from Parker's primary care providers, Dr. Anil Harrison and Physician Assistant Rebecca Rankin. Harrison and Rankin treated Parker for a variety of conditions including diabetes mellitus and hypothyroidism. Parker underwent a colonoscopy in May 2012. That procedure indicated that she suffered from diverticulosis. [Tr. 619] Parker was encouraged to increase her water intake and eat a high fiber diet. [Tr. 674] Parker was referred to Dr. Wendell Miers in 2010 for management of her Type II diabetes, which was diagnosed in 2007. [Tr. 320] The record suggests that there were some difficulties managing Parker's blood sugar and that Dr. Miers made medication changes as necessary. [Tr. 325, 358] Miers also educated Parker concerning lifestyle changes.

Parker participated in physical therapy for several weeks in early 2012 to address her balance issues. [Tr. 266-309] She showed improvement, but eventually stopped attending therapy because of issues with her diabetes. [Tr. 267-68] She also completed a pulmonary function study in October 2013, which indicated "very mild restrictive pulmonary disease." [Tr. 400]

State consultant Dr. Robert Brown reviewed Parker's case in November 2013. [Record No. 57] Noting Parker's mild COPD, diverticulitis, and diabetes, Brown believed that she

could occasionally lift/carry 50 pounds and frequently lift/carry 25 pounds. He further opined that she could stand, walk, or sit about six hours in an eight-hour work day. Brown believed Parker had the unlimited ability to push and pull. Dr. Paul Saranga reviewed the file upon reconsideration. [Tr. 71] He agreed with the limitations that Dr. Brown had assessed, but added postural limitations for climbing, balancing, stooping, crouching, and crawling. [Tr. 69-70] Additionally, he opined that Parker should avoid concentrated exposure to vibration, fumes, odors, dusts, gases, and poor ventilation.

Cristi Hundley, Ph.D. performed a mental status evaluation. [Tr. 395-398] Parker reported many medical problems but advised Hundley that a doctor had not restricted her activity. [Tr. 395] Hundley observed that Parker wore heeled sandals and walked slowly, but without an assistive device. Her memory was intact in all respects. She responded appropriately to questions regarding judgment and abstract reasoning, and was able to perform simple calculations. Hundley opined that Parker's ability to understand and remember simple instructions was fair to good, as was her ability to maintain attention and concentration. [Tr. 398] She assigned Parker a global assessment of functioning ("GAF") score of 75, indicating very mild limitations in functioning. *See, e.g., Covucci v. Apfel*, 31 F. App'x 909, 913 (6th Cir. 2002).

ALJ Kittinger determined that Parker did not have an impairment or combination of impairments that met a listing under 20 C.F.R. Part 404, Subpart P, Appendix 1. However, she concluded that Parker had the following severe impairments: diabetes mellitus, chronic obstructive pulmonary disease, diverticulitis, and obesity. After considering the entire record, the ALJ found that Parker had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b). Specifically, the ALJ concluded that Parker was able to:

> lift/carry twenty pounds occasionally, ten pounds frequently, and she was able to stand/walk up to six hours, sit at least six hour in an eight-hour workday. She was able to occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl, and she could not climb ladders, ropes, or scaffolds. The claimant needed to avoid concentrated exposure to vibration and pulmonary irritants.

Based on this RFC, the ALJ determined that Parker was capable of performing her past relevant work as a receptionist and she had not been under a disability through December 31, 2013, the date last insured. [Tr. 86]

### III.    Standard of Review

Under the Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that she is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, the claimant must show that she suffers from a severe impairment or a combination of impairments. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the claimant has a severe impairment but the Commissioner cannot make a determination of the

disability based on medical evaluations and current work activity, the Commissioner will review the claimant's RFC and relevant past work to determine whether she can perform her past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of the analysis, if the claimant's impairments prevent her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). "The Commissioner has the burden of proof only on 'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

A court reviewing a denial of Social Security benefits must only determine whether the ALJ's findings were supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

**IV. Analysis**

The claimant contends that the ALJ failed to give proper consideration to the opinions of her treating sources pursuant to 20 C.F.R. § 404.1527. Greater deference generally is given

to the opinions of treating physicians.[2]  *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).  However, Parker has failed to identify any treating source that provided an opinion in this case.  Upon reviewing the administrative transcript, the Court did not locate a treating source opinion.

The only item of record that arguably could be construed as a treating source opinion is a letter from Rebecca Rankin, P.A., dated June 1, 2015.  [Tr. 753]  Rankin commented that Parker had "balance issues," "fatigue/weakness," and "neuropathy of legs."  [Tr. 753]  The letter was submitted three weeks after the administrative hearing during which Parker's non-attorney representative advised the ALJ that the record was complete.  [Tr. 752, 16]  Further, the claimant's date last insured is December 31, 2013.  To the extent Ms. Rankin intended to address Parker's impairments prior to that date, the letter contained no specific opinions regarding her functional limitations.  *See Strong v. SSA*, 88 F. App'x 841, 845 (6th Cir. 2004) ("Evidence of disability obtained after the expiration of insured status is generally of little probative value.").  Regardless, the Appeals Council correctly noted that Rankin did not recommend any limitations greater than those included in the ALJ's RFC.  [Tr. 6]

Parker also asserts that the ALJ erred in relying on the opinion of consultative psychological consultant Cristi Hundley, Ph.D.  [Tr. 395]  Parker essentially argues that Hundley's use of a GAF score disqualifies her assessment from consideration by the ALJ.  [Record No. 17, p. 10]  While a GAF score is not dispositive by itself, it may help an ALJ assess a claimant's mental RFC.  *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 836 (6th Cir. 2016).  ALJ Kittinger did not rely solely on Parker's GAF score of 75 in finding an absence of

---

[2] This rule applies to claims filed before March 27, 2017.  20 C.F.R. § 404.1527.

mental impairments. Instead, she discussed the factors underpinning the score, which were derived from Dr. Hundley's apparently thorough evaluation. [Tr. 83-84]

The basis of any claimed mental limitations is unclear. In the application for DIB, Parker reported "part of brain does not work," but this appears to be connected to her problems with vertigo and balance. [Tr. 217] She advised Hundley that she had no problems with her mood, thinking, or behavior. [Tr. 397] During her hearing with the ALJ, she did not describe any mental or emotional limitations. While Parker objects to the ALJ's acceptance of Hundley's opinion, she has not cited any competing evidence or suggested what mental limitations should have been included in the RFC.

Parker also contends that the ALJ misstated her testimony regarding her activity in the two-year period following her lay-off in September 2008. [Record No. 17, p. 13] During the hearing, the claimant testified that she was required to actively seek employment while collecting unemployment compensation. [Tr. 23] Parker testified that she would have taken a job if it had been offered to her because she was required to do so. [Tr. 23-24] She advised the ALJ that she would have attempted the work, but she was unsure whether she would have been able. [Tr. 24] The ALJ accurately summarized this testimony in her written opinion, concluding that such evidence is inconsistent with limitations so severe as to be unable to engage in any substantial activity during that time period. [Tr. 83] There is no indication, however, that the ALJ gave significant weight to this inconsistency or that it unduly prejudiced the claimant. Despite the state consultants' recommendations regarding moderate work, the ALJ determined that light work was appropriate based on Parker's complaints of pain and weakness. [Tr. 83]

Finally, the claimant has devoted a brief portion of her memorandum to a section labeled "Listing Not Met." [Record No. 17, p. 8] It is unclear whether Parker attempts to argue that the ALJ erred or simply points out that she did not meet a listing under Appendix 1. Because she does not suggest a listing that she believes is met, the Court will assume it is the latter. *See e.g., McPherson v. Kelley*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. Defendant Nancy A. Berryhill's Motion for Summary Judgment [Record No. 19] is **GRANTED**.

2. Plaintiff Jennifer Parker's Memorandum in Support of Complaint, construed as a Motion for Summary Judgment, [Record No. 17] is **DENIED.**

3. The administrative decision will be **AFFIRMED** by separate Judgment this date.

This 12th day of July, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge